1

2

3

4

5

6

7                        IN THE UNITED STATES DISTRICT COURT

8                     FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   DOREEN MACLELLAN,                          No. C 12-5795 MMC

11              Plaintiff,                       **ORDER GRANTING IN PART AND
                                                 DENYING IN PART DEFENDANT'S**
12        v.                                     **MOTION TO DISMISS; GRANTING
                                                 DEFENDANT'S MOTION TO STRIKE;**
13   COUNTY OF ALAMEDA, et al.,                  **VACATING HEARING**

14              Defendants.
     _____/

15

16        Before the Court are defendant Alameda County Medical Center's ("ACMC")

17   motions, filed November 20, 2012, (1) to dismiss the complaint, pursuant to Rule 12(b)(6)

18   of the Federal Rules of Civil Procedure, and (2) to strike plaintiff's claims and prayer for

19   punitive damages, pursuant to Rule 12(f).[1]  Plaintiff Doreen MacLellan has filed opposition

20   to each said motion, and, with respect to the former, defendant has filed a reply.  Having

21   read and considered the papers submitted in support of and in opposition to the motions,

22   the Court deems the motions appropriate for decision thereon, hereby VACATES the

23   hearing scheduled for January 18, 2013, and rules as follows.

24   _____

25        [1] ACMC moves to strike on the ground that punitive damages against ACMC are not
     available under California law.  Rule 12(f), however, "does not authorize district courts to
26   strike claims for damages on the ground that such claims are precluded as a matter of law."
     See Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 974-975 (9th Cir. 2010); see also
27   Cordon v. Wachovia Mortg., 776 F. Supp. 2d 1029, 1041 (N.D. Cal. 2011) (denying motion
     to strike claim for punitive damages "on the ground that such relief is legally unavailable";
28   noting the "Ninth Circuit has held that Rule 12(f) cannot be utilized in that manner").
     Accordingly, the Court construes ACMC's motion to strike as a motion to dismiss.

United States District Court

For the Northern District of California

1

## FACTUAL AND PROCEDURAL BACKGROUND[2]

2      On October 12, 2011, plaintiff was "exercis[ing] her right to free speech" outside a

3  Safeway store.  (See Compl. ¶ 17.)  Alameda County Sheriff's Department Deputies Dinis

4  and Alvarez arrived and "began conversing" with plaintiff, and "at some point" thereafter,

5  Alvarez and another deputy, unnamed in the complaint,  "tackled [plaintiff] from behind."

6  (Compl. ¶ 18.)  Plaintiff alleges she was placed in handcuffs by Deputies Dinis and Alvarez

7  "without reasonable cause to detain and . . . without probable cause" (Compl. ¶ 19), after

8  which paramedics arrived at the scene, restrained plaintiff, and transported her to Valley

9  Care Medical Center (Compl. ¶¶ 22-24).  At Valley Care Medical Center, plaintiff was

10  "physically confined" and "held against her will."  (Compl. ¶ 27.)

11      Plaintiff was taken thereafter to ACMC's psychiatric ward (Compl. ¶ 34), where "it

12  was confirmed that [p]laintiff was not suffering from any psychotic symptoms . . . . [and] all

13  risk assessments were negative" (Compl. ¶ 35); "no actual medical examination or

14  evaluation was undertaken by any medical doctors."  (Compl. ¶ 39.)  While at ACMC,

15  plaintiff was injected "with various drugs despite her protests and lack of medical need."

16  (Compl. ¶ 45.)

17      On October 14, 2012, plaintiff learned for the first time she was "being held on

18  [California Welfare and Institutions Code section] 5150 emergency detention" initiated by

19  the Alameda County Sheriff's Department, which, she alleges, "was not needed" because

20  she "did not suffer from any psychotic symptoms and risk factors were absent" (Compl.

21  ¶ 42), and because she "did not pose a risk to herself or others" (Compl. ¶ 61).  ACMC

22  subsequently placed plaintiff on a 14-day hold pursuant to section 5250.  (See Compl.

23  ¶ 43.)

24      Based on the above allegations, plaintiff filed, on September 9, 2012 in Alameda

25  County Superior Court, the instant complaint against the County of Alameda, Deputy Dinis,

26

27      [2] The following facts are as alleged in the complaint and assumed true for purposes
of the instant motions.

28

1   Deputy Alvarez, Valley Care Medical Center, Alameda County Medical Center and Does 1

2   through 10, alleging the following Claims for Relief:  (1) "Violation of Constitutional Right to

3   be Free from Unreasonable Searches and Seizures . . . :  4th Amendment, 14th

4   Amendment, 42 U.S.C. § 1983," (2) "False Imprisonment," (3) "Battery," (4) "Violation of the

5   Bane Act [Cal. Civ. Code section 52.1]," (5) "Negligence," (6) "Intentional Infliction of

6   Emotional Distress," (7) "Negligent Infliction of Emotional Distress," and (8) "Assault."  (See

7   Compl. ¶¶ 46-108.)[3]  By the instant motion, ACMC seeks dismissal of Claims Two, Three,

8   Four, Six, Seven, and Eight, and to strike any claim or prayer for punitive damages.  On

9   November 13, 2012, the action was removed to federal district court.

10                                          **LEGAL STANDARD**

11          Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based

12   on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a

13   cognizable legal theory.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

14   1990).  Rule 8(a)(2), however, "requires only 'a short and plain statement of the claim

15   showing that the pleader is entitled to relief.'"  See Bell Atlantic Corp. v. Twombly, 550 U.S.

16   544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).  Consequently, "a complaint attacked by

17   a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations."  See id.

18   Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief

19   requires more than labels and conclusions, and a formulaic recitation of the elements of a

20   cause of action will not do."  See id. (internal quotation, citation, and alteration omitted).

21          In analyzing a motion to dismiss, a district court must accept as true all material

22   allegations in the complaint, and construe them in the light most favorable to the

23   nonmoving party.  See NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

24   "To survive a motion to dismiss, a complaint must contain sufficient factual material,

25   accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal,

26   556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "Factual allegations must

27

28          [3] All claims but the First Claim for Relief are alleged against ACMC.

                                                   3

1  be enough to raise a right to relief above the speculative level[.]"  Twombly, 550 U.S. at

2  555.  Courts "are not bound to accept as true a legal conclusion couched as a factual

3  allegation."  See Iqbal, 556 U.S. at 678 (internal quotation and citation omitted).

**DISCUSSION**

5  **1. Statutory Immunity**

6      At the outset, with respect to plaintiff's Second, Third, Fourth, Sixth, and Eighth

7  Claims for Relief, ACMC argues that, because plaintiff was restrained and treated pursuant

8  to the provisions of sections 5150 and 5250 of the California Welfare and Institutions Code,

9  ACMC is entitled to immunity pursuant to section 5278 of said code.

10      "In California, the Lanterman-Petris-Short Act (LPS Act) (§ 5000 et seq.) governs the

11  involuntary treatment of the mentally disordered."  See Gonzalez v. Paradise Valley Hosp.,

12  111 Cal. App. 4th 735, 740 (2003).  Under the LPS Act, a designated facility may detain a

13  person for up to 72 hours for "treatment and evaluation" if there is "probable cause" to

14  believe that the person, "as a result of mental disorder, is a danger to others, or to himself

15  or herself, or gravely disabled."  See Cal. Welf. & Inst. Code § 5150.  The detention may be

16  extended for up to fourteen days for "intensive treatment" if "[t]he professional staff of the

17  agency or facility providing evaluation services has analyzed the person's condition and

18  has found the person is, as a result of mental disorder or impairment by chronic alcoholism,

19  a danger to others, or to himself or herself, or gravely disabled."  See id. § 5250.

20      The LPS Act provides immunity from liability arising from the detainment and

21  involuntary treatment of individuals pursuant to such act.  See Cal. Welf. & Inst. Code

22  § 5278 ("Individuals authorized . . . to detain a person for 72-hour treatment and evaluation

23  pursuant to [section 5150] . . . or to certify a person for intensive treatment pursuant to

24  [section 5250] . . . shall not be held either criminally or civilly liable for exercising this

25  authority in accordance with the law."); see also Jacobs v. Grossmont Hosp., 108 Cal. App.

26  4th 69, 78 (2003) (holding section 5278 immunity applies to "the decision to detain as well

27  as for the detention and its inherent attributes, including the fact that the patient must

28

1   necessarily be evaluated and treated without consent").  Immunity under section 5278,

2   however, is not absolute; rather, it applies only where the detention is "in accordance with

3   the law."  See Cal. Welf. & Inst. Code § 5278; see also Heater v. Southwood Psychiatric

4   Center, 42 Cal. App. 4th 1068, 1084-85 (1996) (rejecting contention section 5278 immunity

5   is absolute; holding probable cause to detain plaintiff pursuant to section 5150 is necessary

6   predicate to section 5278 immunity).

7          In this instance, at this stage of the proceedings, ACMC fails to show it is entitled to

8   dismissal on grounds of immunity.  In particular, plaintiff's complaint contains no factual

9   allegations showing ACMC had the requisite probable cause to detain plaintiff; rather,

10  plaintiff alleges facts to show ACMC lacked such cause to detain.  (See, e.g., Compl. ¶ 35

11  (alleging "it was confirmed that [p]laintiff was not suffering from any psychotic symptoms . .

12  . . [and] all risk assessments were negative").)

13         Accordingly, plaintiff's Second, Third, Fourth, Sixth, and Eighth Claims for Relief are

14  not subject to dismissal.

15  **2.  Negligent Infliction of Emotional Distress**

16         ACMC next argues plaintiff's Seventh Claim for Relief, titled "Negligent Infliction of

17  Emotional Distress," is duplicative of plaintiff's Fifth Claim for Relief, titled "Negligence."

18  The Court agrees.

19         In California, "there is no independent tort of negligent infliction of emotional

20  distress."  See Potter v. Firestone Tire & Rubber Co., 6 Cal. 4th 965, 984 (1993).

21  Moreover, plaintiff's claim for negligent infliction of emotional distress is based on the same

22  alleged conduct as her claim for negligence (see Compl. ¶ 97 (alleging, in support of

23  Seventh Claim for Relief, defendants "as discussed above . . . were negligent)); moreover,

24  plaintiff's negligence claim alleges plaintiff suffered both "economic and non-economic

25  damages," thus encompassing, inter alia, emotional distress (Compl. ¶ 88).

26  //

27

28

1    Accordingly, plaintiff's claim alleging negligent infliction of emotional distress is

2  subject to dismissal.

3  **3.  Punitive Damages**

4    Lastly, ACMC argues any claim or prayer for punitive damages must fail for the

5  reason that ACMC is a public entity and, as such, cannot be held liable for punitive

6  damages.  See Cal. Gov't Code § 818 ("Notwithstanding any other provision of law, a

7  public entity is not liable for damages awarded under Section 3294 of the Civil Code or

8  other damages imposed primarily for the sake of example and by way of punishing the

9  defendant.").  The Court agrees.

10    Under California law, a public entity "includes . . . a . . . public agency."  See Cal.

11  Gov. Code § 811.2.  ACMC is a public agency.  See Alameda Co. Admin Code

12  § 2.120.020(a) & (c) (establishing ACMC as a "Hospital Authority" and requiring it to

13  "register with the Secretary of State as a public agency").  Consequently, ACMC is a public

14  entity.  See Johnson v. Alameda Co. Med. Ctr., 205 Cal. App. 4th 521, 524 (2012) (finding

15  "Alameda County Medical Center (Medical Center) is a public entity").

16    Accordingly, plaintiff's claims and prayer for punitive damages are subject to

17  dismissal.[4]

18  **CONCLUSION**

19    For the reasons stated above,

20    1.  ACMC's Motion to Dismiss is hereby GRANTED in part and DENIED in part as

21  follows:

22    a.  To the extent the motion seeks dismissal of plaintiff's Seventh Claim for Relief,

23  the motion is hereby GRANTED, and the Seventh Claim for Relief is hereby DISMISSED

24  as duplicative of the Fifth Claim for Relief.

25    b.  In all other respects the motion is hereby DENIED.

26  //

27  ———————————————

28    [4] As discussed, the Court construes ACMC's motion to strike as a motion to dismiss.

6

2.  ACMC's Motion to Strike, construed as a motion to dismiss, is hereby GRANTED, and plaintiff's claims and prayer for punitive damages, as alleged against ACMC, are hereby DISMISSED.

**IT IS SO ORDERED.**

Dated:  January 15, 2013

_____
MAXINE M. CHESNEY
United States District Judge