IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOREEN MACLELLAN,<br><br>　　　　Plaintiff,<br>　v.<br><br>COUNTY OF ALAMEDA, et al.,<br><br>　　　　Defendants. | No. C 12-5795 MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL** |

　　　　Before the Court is plaintiff Doreen MacLellan's "Motion Requesting Appointment of Counsel," filed March 28, 2013.  Pursuant to 28 U.S.C. § 1915(d), a district court may "appoint counsel in civil actions brought *in forma pauperis*."  See United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 569 (9th Cir. 1995).[1]  "Appointment of counsel under this section is discretionary, not mandatory." Id.  The district court may appoint counsel "only under exceptional circumstances," and must consider "the likelihood of success on the merits, and the ability of the petitioner to articulate [her] claims *pro se* in light of the complexity of the legal issues involved."  See Terrell v. Brewer, 935 F.2d 1015, 1017 (1991) (internal quotations and citation omitted).  Having read and considered the instant motion, as well as the case record to date, the Court, as discussed below, finds the requisite exceptional circumstances have not been shown.

---

[1] The above-titled action was not brought in forma pauperis because it was removed by defendants from state court.  For purposes of the instant motion, however, the Court assumes plaintiff would be entitled to proceed in forma pauperis.

First, plaintiff has "demonstrated sufficient writing ability and legal knowledge to articulate [her] claim[s]." See id. In that regard, plaintiff's complaint, both in form and substance, reflects considerable familiarity as to both general procedural law as well as the specific law applicable to plaintiff's claims. Moreover, the underlying issues are not particularly complex, the primary question being whether the behavior plaintiff manifested at the time of the subject events was of such nature as to warrant her initial and continued detainment under the California Welfare and Institutions Code. Indeed, plaintiff, without the aid of counsel, has successfully opposed a motion to dismiss six of the eight causes of action in her complaint. (See Order filed Jan. 15, 2013 (granting motion as to duplicative cause of action (Negligent Infliction of Emotional Distress) and denying motion in all other respects).)

Second, although plaintiff's complaint raises, on its face, a number of triable issues of fact, defendants have disputed plaintiff's factual allegations (see Joint Case Mgmt. Statement, filed Feb. 15, 2013), and, on the record currently before the Court, plaintiff has not shown a likelihood of success on the merits.

Accordingly, plaintiff's motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: April 5, 2013

MAXINE M. CHESNEY
United States District Judge