IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DOREEN MACLELLAN,

    Plaintiff,

v.

COUNTY OF ALAMEDA, et al.,

    Defendants.

                                     /

No. C 12-5795 MMC

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

      Before the Court is plaintiff Doreen MacLellan's ("MacLellan") Motion for Leave of Court, filed March 17, 2014, by which MacLellan seeks leave to file a motion for reconsideration of the Court's order granting summary judgment in favor of defendants County of Alameda, Marc Dinis, and Rafael Alvarez (collectively, "County defendants") pursuant to Civil Local Rule 7-9. Having read and considered the motion, the Court rules as follows.

      A party seeking leave to file a motion for reconsideration of an interlocutory order must show one of the following: (1) "[t]hat at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order," and that such difference was unknown to the party despite "the exercise of reasonable diligence"; (2) "[t]he emergence of new material facts or a change of law occurring after the time of such order"; or (3) "[a] manifest failure by the Court to

consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." (See Civil L.R. 7-9(b).)

By the instant motion, MacLellan makes no showing as to either of the first two grounds for reconsideration. As to the third, the great majority of the arguments MacLellan makes in her motion were made in her opposition as originally filed and were considered by the Court. The sole argument raised now by MacLellan which was not considered by the Court is that the County defendants acted unlawfully by not delivering her directly to a "facility designated by the county." See Cal. Welf. & Inst. Code § 5150. Specifically, MacLellan now contends that ValleyCare Medical Center ("VCMC"), the first facility to which she was transported, is not a facility "designated by the county and approved by the state," but, rather, is an "outside facility." (See Mot. for Leave at 2:26-3:4.) The Court did not consider that argument because it was not raised in MacLellan's opposition to summary judgment; rather, MacLellan contended that said defendants acted unlawfully by not personally transporting her to a medical facility. (See Opp'n at 19:20-20:18.) Although some of MacLellan's assertions in her opposition might, if read in light of the contention she now makes, be read as encompassing the argument that her delivery to VCMC was itself unlawful, in her opposition MacLellan made no assertion, let alone presented any evidence to support a finding, that VCMC was not in fact a designated and approved facility. In the absence of any showing that whatever facts on which such contention is now made were not reasonably discoverable at the time of the hearing on County defendants motion, MacLellan fails to make a sufficient showing under Civil Local Rule 7-9.

Accordingly, MacLellan's Motion for Leave is hereby DENIED.

**IT IS SO ORDERED.**

Dated: March 21, 2014

MAXINE M. CHESNEY
United States District Judge

2