1  THOMAS M. MCINERNEY, State Bar No. 162055
   tmm@ogletreedeakins.com
2  BECKI D. GRAHAM, State Bar No. 238010
   becki.graham@ogletreedeakins.com
3  JOSEPH L.J. APPEL, State Bar No. 276946
   joseph.appel@ogletreedeakins.com
4  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   Steuart Tower, Suite 1300
5  One Market Plaza
   San Francisco, CA 94105
6  Telephone:    415.442.4810
   Facsimile:    415.442.4870
7
   Attorneys for Plaintiff
8  DOREEN MACLELLAN

9                      **UNITED STATES DISTRICT COURT**

10                     **NORTHERN DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| 12  DOREEN MACLELLAN, | Case No. 3:12-cv-05795-MMC |
| 13         Plaintiff, | **MOTION IN LIMINE NO. 3** |
| 14     v. | **PLAINTIFF DOREEN MACLELLAN'S NOTICE OF MOTION AND MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF DR. STEPHEN E. HALL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| 15  COUNTY OF ALAMEDA, DEPUTY DINIS, in his individual and official capacity, DEPUTY ALVAREZ, in his individual and official capacity, DEPUTY DOE 1, in her individual and official capacity, VALLEY CARE MEDICAL CENTER, ALAMEDA COUNTY MEDICAL CENTER and DOE DEFENDANTS 2 THROUGH 10, inclusive, | |
| | [Concurrently filed with Proposed Order] |
| | Date:      November 18, 2014<br>Time:      10:00 a.m.<br>Location:  Courtroom 7, 19th Floor<br>           450 Golden Gate Avenue<br>           San Francisco, CA 94102 |
|         Defendants. | Complaint Filed:  September 24, 2012<br>Trial Date:       December 8, 2014 |

**TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on November 18, at 10:00 a.m. in the above-entitled Court, located at 450 Golden Gate Avenue Street, San Francisco, California, in the Courtroom of the Honorable Maxine M. Chesney, plaintiff Doreen MacLellan, will and does hereby move the Court, in limine, to exclude the opinions and testimony of Dr. Stephen E. Hall regarding the treatment received by plaintiff while she was detained at ACMC.

This Motion is made pursuant to Federal Rules of Evidence, Rules 401, 402, and 403, as well as applicable case law, on the grounds the probative value, if any, of such evidence is substantially outweighed by the danger of unfair prejudice to Defendant.

DATED:  November 3, 2014

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:  /s/ Thomas M. McInerney
     Thomas M. McInerney
     Becki D. Graham
     Joseph L.J. Appel
Attorneys for Plaintiff
DOREEN MACLELLAN

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Alameda County Medical Center's ("ACMC") has retained two experts, Dr. Rona J. Hu and Dr. Stephen E. Hall, to testify at trial regarding liability. Since ACMC's liability centers on the singular question of whether there was an emergency situation that justified the October 12, 2011 injection of Zyprexa, testimony of both Drs. Hu and Hall will be needlessly cumulative, unfairly prejudicial to MacLellan, and a waste of time.

## II. LEGAL ARGUMENT

### A. This Court Has the Authority to Grant a Motion in Limine

A trial court has inherent power to entertain and grant a motion in limine excluding evidence. *Luce v. United States*, 469 U.S. 38, 41 (1984); *Drumm v. Morningstar, Inc.*, 2009 WL 3514421 (N.D. Cal. 2009). Courts regularly grant motions in limine excluding the use of expert testimony. *Negrete v. Allianz Life Ins. Co. of N. Am.*, 2013 WL 6535164 (C.D. Cal. 2013); *Caluori v. One World Technologies, Inc.*, 2012 WL 2004173 (C.D. Cal. 2012); *Engman v. City of Ontario*, 2011 WL 2463178 (C.D. Cal. 2011); *Rios v. City of San Jose*, 2008 WL 4532559 (N.D. Cal. 2008).

### B. Dr. Stephen E. Hall's Report Should Be Excluded Because It Is Unfairly Prejudicial, Wastes Time, and Is Cumulative in Nature.

Under the Federal Rules of Evidence, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of, in relevant part, unfair prejudice, waste of time, or needless presentation of cumulative evidence. Fed. R. Evid. 403; *United States v. Hicks*, 103 F.3d 837, 847 (9th Cir.1996) (upholding exclusion of expert testimony because its substance was covered in cross-examination and jury instructions). Here, the case against ACMC has been narrowed down to the October 13, 2011 injection of Zyprexa. Thus, despite Dr. Hu's lengthy expert report, the only relevant testimony she can offer relates to this event. In addition, both Dr. Hu and Dr. Hall are expected to offer nearly identical opinions regarding the existence of an emergency situation that justified injecting MacLellan with Zyprexa against her will. Since there is no other issue regarding ACMC's liability, their testimony will necessarily be cumulative. For example, based on their written reports, Dr. Hall's expected testimony will largely mirror that of Dr. Hu. In

fact, their reports are almost identical, including the following similarities:

- recounting the facts as described in the medical records;
- opining that there was an emergency situation that justified the injection of an antipsychotic without MacLellan's consent;
- describing Doreen's agitation as "escalating";
- opining that many patients at John George Psychiatric Pavilion are dangerous or at a high risk for violence;
- opining that patients who are in a crowded setting and who are agitated and yelling can cause an assault on themselves or others;
- discussing seclusion as an alternative treatment and concluding that it would not have treated the underlying psychosis and could have led to injury;
- rebutting MacLellan's version of events that she was calm when she was forcibly injected with Zyprexa by noting that persons who have experienced a psychotic episode often have poor memory;
- acknowledging that Zyprexa has been formally approved to treat agitation associated with bipolar disorder and schizophrenia; and
- stating that the dose of 10 milligrams given to MacLellan was a standard amount.

Moreover, Drs. Hu and Hall have very similar professional backgrounds and credentials. Both defense experts are psychiatrists who are or have been in the very recent past directors of psychiatric inpatient programs. Both defense experts have experience working in academic and clinical environments. In addition, neither Dr. Hu nor Dr. Hall has been retained as a rebuttal expert. With substantially the same, opinions, backgrounds and experiences, Dr. Hall's testimony will be cumulative of Dr. Hu's testimony and waste the court's time. Moreover, it will be unfairly prejudicial to the extent that ACMC is allowed to present multiple experts on single topic of the October 13, 2011 Zyprexa injection while MacLellan will only offer a single expert. *Rambus Inc. v. Hynix, Semiconductor Inc.*, 2008 WL 4648256 at *3 (N.D. Cal. 2008) (limiting the parties to one expert each to avoid the potential problem of giving the jury the impression that the party with the greatest number of experts has the better argument).

### III. CONCLUSION

Based on the foregoing, plaintiff respectfully requests the Court grant her motion to exclude the opinions and testimony of Dr. Stephen E. Hall regarding the treatment received by plaintiff while she was detained at ACMC.

DATED: November 3, 2014

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Thomas M. McInerney
    Thomas M. McInerney
    Becki D. Graham
    Joseph L.J. Appel
Attorneys for Plaintiff
DOREEN MACLELLAN