MARC G. COWDEN, ESQ. (State Bar No. 169391)
GALLOWAY, LUCCHESE, EVERSON & PICCHI
A Professional Corporation
1676 North California Blvd., Suite 500
Walnut Creek, CA 94596-4183
Tel. No. (925) 930-9090
Fax No. (925) 930-9035
E-mail: aschultz@glattys.com

Attorneys for Defendant
ALAMEDA COUNTY MEDICAL CENTER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOREEN MACLELLAN,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF ALAMEDA, DEPUTY DINIS, in his individual and official capacity, DEPUTY ALVAREZ, in his individual and official capacity, DEPUTY DOE 1, in her individual and official capacity, VALLEY CARE MEDICAL CENTER, ALAMEDA COUNTY MEDICAL CENTER AND DOE DEFENDANTS 2 THROUGH 10, INCLUSIVE,<br><br>Defendants. | Case No.   CV 12-5795 MMC<br><br>The Honorable Maxine M. Chesney<br><br>**OPPOSITION BY ALAMEDA COUNTY MEDICAL CENTER TO PLAINTIFF'S MOTION IN LIMINE NO. 3**<br><br>Date Complaint Filed: September 24, 2012<br>Trial: December 8, 2014 |

## I. INTRODUCTION

In her Motion in Limine No. 3, plaintiff asks the Court for an order excluding all testimony and opinions of Stephen Hall, M.D., one of the experts disclosed on behalf of Alameda County Medical Center (ACMC). On its face, this MIL is improper. In this regard, plaintiff is not simply asking the Court to limit the number of ACMC's experts. She is also asking the Court to give her the power to choose which expert ACMC can call, i.e., she wants ACMC to call Rona Hu, M.D., not Dr. Hall. Plaintiff cites to no authority for the right to be given this power, and there is none. Moreover, even if

1

CV 12-5795 MMC: OPPOSITION BY ALAMEDA COUNTY MEDICAL CENTER TO
PLAINTIFF'S MOTION IN LIMINE NO. 3                                                                200-9443/MGC/738507

plaintiff's MIL had just asked the Court to limit the number of ACMC's experts, such a motion would have to be denied for the reasons identified below.

## II. ARGUMENT

Plaintiff argues that there is overlap between the opinions of Drs. Hall and Hu based on her review of their reports. However, the presence of overlap does not render the opinions of two experts unnecessarily cumulative pursuant to FRE 403. Rodriguez v. County of Stanislaus 2010 WL 2720940 *2 (E.D. California 2010). Moreover, excluding evidence pursuant to FRE 403 is an extraordinary remedy "which should be used only sparingly". U.S. v. Merrill 513 F.3d 1293, 1301 (11th Cir. 2008).

Furthermore, there are definite differences between the reports of Drs. Hall and Hu. In this regard, the report of Dr. Hall focuses on the injection of Zyprexa which was given to plaintiff on October 13, 2011. The reports of Dr. Hu, on the other hand, talk about the evolution of plaintiff's psychosis before she ever got ACMC's John George Psychiatric Pavilion (JGPP), and Dr. Hu's reports also opine on all of the treatment plaintiff received at JGPP between October 12 – 25, 2011, not just the October 13, 2011 injection of Zyprexa.

Plaintiff attempts to skirt the very obvious differences between the reports of Drs. Hall and Hu by arguing that this case in now limited to just issues surrounding the injection of Zyprexa. But, the fact of the matter is that plaintiff has continued to argue that she was not psychotic, delusional, paranoid, or otherwise psychologically impaired at any time before or after the injection of Zyprexa (see ACMC's Opposition to plaintiff MIL No. 1). As a result, ACMC has the right to call Dr. Hu to discuss the evolution of plaintiff's psychosis before the injection of Zyprexa, as well as plaintiff's condition and treatment at JGPP between October 12 – 25, 2011. And, ACMC should also be able to call Dr. Hall to comment on the October 13, 2011 injection of Zyprexa. There would be nothing needlessly cumulative about such testimony from Drs. Hu and Hall. Wiles v. Department of Education 2008 WL 6808425 *1 (D. Hawaii 2008).

2

Not only are the reports and opinions of Drs. Hall and Hu substantially different as noted above, but their backgrounds are different too. It is ACMC's position that plaintiff's expert, Victor Reus, M.D., has little to no experiencing treating acutely psychotic patients in a PES setting. Dr. Reus works at UCSF, and so does Dr. Hall. In fact, until very recently, Dr. Hall was the Director of Psychiatric Intensive Services and the Acute Inpatient Program at UCSF, and he was Dr. Reus' supervisor. Dr. Hall is in the unique position of telling the jury about Dr. Reus' lack of experience over the last twelve years of dealing with acutely psychotic patients in a PES setting. Dr. Hu, who works at Stanford, is not in this same position. This unique perspective of Dr. Hall alone is sufficient to overcome an objection that his testimony would be cumulative. <u>Friedman v. Medjet Assistance, LLC</u> 2010 WL 9081271 *6 (C.D. California 2010).

It should also be noted that, if Dr. Reus suggests at trial that he has experience in the PES setting that does not exist, ACMC has the right to call Dr. Hall in rebuttal. This would not be opinion testimony requiring the disclosure of Dr. Hall as a rebuttal expert, but rather, simple rebuttal testimony of Dr. Reus' credibility.

Even if there were some evidence that the testimony of Drs. Hall and Hu would be prejudicially cumulative, plaintiff can simply raise the objection at the time of trial. <u>Wiles v. Department of Education</u>, supra, 2008 WL 6808425 at *1.

Finally, plaintiff has cited to no authority for the proposition that she has the right to choose for ACMC the expert it can call on its behalf, i.e., Dr. Hu instead of Dr. Hall, and as noted above, there is none.

///

///

///

///

///

3

For the foregoing reasons, plaintiff's Motion in Limine No. 3 should be denied.

Dated: November 10, 2014

GALLOWAY, LUCCHESE, EVERSON
& PICCHI


By: _____/s/_____
MARC G. COWDEN, ESQ.
Attorneys for Defendant
ALAMEDA COUNTY MEDICAL
CENTER

4