IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOREEN MACLELLAN,<br><br>    Plaintiff,<br><br>    v.<br><br>VALLEY CARE MEDICAL CENTER, et al.,<br><br>    Defendants. | Case No. 12-cv-05795-MMC<br><br>**ORDER DENYING MOTION FOR EXTRAORDINARY RELIEF**<br><br>Re: Dkt. No. 289 |

On September 25, 2012, plaintiff Doreen MacLellan, appearing pro se, filed a state court action, alleging therein a number of state and federal claims arising from events occurring in connection with her detention under section 5150 of the California Health and Safety Code. On November 13, 2012, the case was removed to federal court, wherein, on March 21, 2014, counsel was appointed to represent plaintiff pro bono. Thereafter, a jury trial was held, and, on December 19, 2014, the jury rendered its verdict in favor of all defendants and against plaintiff. That same date, judgment was entered and the case was closed.

On August 12, 2019, plaintiff, again appearing pro se, filed a "Motion for Extraordinary Relief Pursuant to Civil Local Rules 7-11(c) & 7-13 and Federal Rules of Civil Procedure Pursuant to 7(b), 37(b), 51(d)(2) & 49(b)(3) Preserving Claims and Rulings Demand for Judgement and Relief to Be Granted to Plaintiff Pursuant to Federal Rules of Civil Procedure 54(b)(C), 60(b)(1)(2)(3) and 60(d)(3) for Fraud on the Court or,

in the Alternative; Leave of Court to File a Motion for Reconsideration Pursuant to Civil Local Rule 7-9(b)." The Court, having read and considered plaintiff's motion, hereby rules as follows.

As judgment has been entered, the only applicable authority under which the motion has been brought is Rule 60 of the Federal Rules of Civil Procedure, specifically, Rule 60(b)(1), (2), and (3), as well as Rule 60(d)(3).

Where a challenge to a judgment, order, or proceeding is brought under Rule 60(b) "for reasons (1), (2), and (3)," the motion must be made "no more than one year after the entry of the judgment or order or the date of the proceeding." See Fed. R. Civ. P. 60(c). Here, as noted, judgment was entered December 19, 2014, more than four-and-a-half years ago, and the time elapsing from orders issued or proceedings conducted prior to entry of judgment is even longer. Under such circumstances, to the extent the motion is brought pursuant to Rule 60(b)(1), (2), or (3), it is time barred and, consequently, fails.

Although the Rule "does not limit a court's power to . . . set aside a judgment for fraud on the court," see Fed. R. Civ. P. 60(d)(3), such relief may be granted "only when the fraud is established by clear and convincing evidence." See United States v. Estate of Stonehill, 660 F.3d 415, 443 (9th Cir. 2011) (internal quotation and citation omitted). Here, plaintiff challenges the adequacy of the representation provided to her by appointed counsel. In particular, plaintiff asserts said counsel did not intend to act in her best interests and instead, for personal and political reasons, favored the defense.

In support thereof, plaintiff points to the manner in which documents and court filings were handled, remarks made to her by counsel, counsel's law firm's representation of municipal entities, and instances of what plaintiff perceives as ineffectual responses in the course of contested matters. Putting all of the above together, plaintiff contends "someone tampered with the Federal Electronic Court filing system" (see Mot. at 9:5-6) and "someone deliberately attempted to sabotage [her] entire case" (see id. at 6:12-13). The facts on which plaintiff relies, however, are not sufficient to support either such

2

finding, nor do they suffice to support any other finding constituting fraud on the Court. Consequently, to the extent the motion is brought pursuant to Rule 60(d)(3), it fails as well.

Accordingly, for the reasons stated above, the motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: August 23, 2019

_____
MAXINE M. CHESNEY
United States District Judge